UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| GARY W. MENDEL<br>440 12TH STREET NE #001<br>WASHINGTON, DC 20002<br><br>    *Plaintiff*,<br><br>v.<br><br>EZEE, INC.<br>Serve: BUSINESS FILINGS<br>      INCORPORATED<br>      108 WEST 13TH STREET<br>      WILMINGTON, DE 19801<br><br>    *Defendant*. | Case No. _____<br>**COMPLAINT**<br>**Jury Trial Demanded** |

## COMPLAINT

Plaintiff, Gary W. Mendel, by counsel, for his complaint against eZee, Inc., alleges as follows:

### PARTIES

1. Plaintiff Gary W. Mendel is a citizen of the District of Columbia, residing at 440 12th Street NE Apt. 001, Washington, DC 20002.

2. Defendant eZee, Inc. ("eZee" or "Defendant") is a Delaware corporation, with its principal place of business located at 3925 W. Braker Lane, 3rd Floor, Austin, Texas 78759.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over all claims asserted in this action pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000

1

and because there is complete diversity between the parties to this action, i.e., Gary Mendel is a citizen of a different state than Defendant.

4. This Court has personal jurisdiction over Defendant pursuant to D.C. Code § 13-423.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a). Defendant transacted business for eZee from this District and a substantial part of the events or omissions giving rise to the claims in this Action occurred in this District.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

6. Gary Mendel is a founding shareholder of eZee, Inc.

7. In June 2007 Gary Mendel, as a founding shareholder of eZee, was granted 1,440,000 voting shares of common stock in eZee.

8. On August 21, 2007, Gary Mendel entered into a stockholders agreement with eZee ("Stockholders Agreement").

9. Beginning in May 2007, Gary Mendel was employed by eZee as the corporation's Chief Marketing Officer.

10. For the entire term of his employment with eZee, Gary Mendel worked in the District of Columbia.

11. On its website, eZee stated that its sales and marketing office was located in the District of Columbia.

12. In early 2008, eZee was rapidly running out of funds, and was in danger of not being able to meet its payroll.

13. In order to save eZee from imminent financial collapse, on or about January 14, 2008, Gary Mendel invested approximately two hundred and fifty thousand dollars

($250,000) in eZee by wiring two hundred and twenty thousand dollars ($220,000) to eZee, and by forgiving thirty thousand dollars ($30,000) in debt eZee owed to Gary Mendel in exchange for 1,670,000 additional shares of voting common stock of eZee (the "Stock Transaction"). The Stock Transaction was documented and confirmed in contemporaneous email correspondence between Gary Mendel and Nicolas Chambers, then eZee's Chief Financial Officer.

14. In February 2008 eZee hired Ron Bienvenu ("Bienvenu") as Chief Executive Officer of eZee and he was appointed to the Board of Directors of eZee and elected its Chairman.

15. Bienvenu was formerly the Chief Executive Officer and Chairman of HALO Technology Holdings Inc ("HALO"), a corporation that he founded in August 2004.

16. On information and belief, Bienvenu holds a seventy percent equity interest in ISIS Capital Management, LLC ("ISIS").

17. ISIS, in turn, holds a significant equity interest in HALO.

18. HALO filed for Chapter 11 bankruptcy protection in US Bankruptcy Court for the District of Connecticut in August 2007.

19. Kenosia Corporation ("Kenosia") is a wholly-owned subsidiary of HALO.

20. In March 2008, one month after Bienvenu assumed his leadership position at eZee, Gary Mendel learned that Bienvenu planned to have eZee acquire Kenosia from bankrupt HALO.

21. Bienvenu had a personal interest in eZee acquiring Kenosia because of his ownership interest in ISIS and HALO.

22. Bienvenu's plan to have eZee acquire Kenosia was self-dealing and constituted a violation of his common law and statutory fiduciary duties to eZee.

23. Contemporaneously, Gary Mendel repeatedly voiced his concerns and objections to Bienvenu and other officers of eZee regarding the plan to have eZee acquire Kenosia.

24. On March 18, 2008, Bienvenu informed Gary Mendel that his employment with eZee would be terminated for "insubordination".

25. On April 11, 2008, by letter signed by Gary Mendel's long-time colleague and friend, eZee President John Sullivan, Gary Mendel's employment was formally terminated.

26. On the date of his termination, Gary Mendel owned 1,440,000 founders shares of voting common stock of eZee and 1,670,000 additional shares in voting common stock of eZee.

27. In early April, as a result of the dispute over the intended Kenosia purchase, Gary Mendel made eZee officers aware that he was considering bringing legal action.

28. On or about April 17, 2008 eZee destroyed Gary Mendel's email records pertaining to the Stock Transaction by deleting it from its email server.

29. On April 22, 2008, eZee delivered to Gary Mendel a document entitled "Convertible Promissory Note" (the "Note"), signed on behalf of eZee by John T. Sullivan, President and CEO of eZee, and dated January 14, 2008. Even though this "Convertible Promissory Note" purported to document a loan from Gary Mendel to eZee, Gary Mendel had before that date never seen this Note, nor had he received any indication before early April that his $250,000 investment was anything other than an equity investment.

30. The Note provided, among other things, that the full amount of the "loan" would be repaid on January 14, 2009, with interest.

31. On June 13, 2008, eZee attempted to re-acquire Gary Mendel's 1,440,000 founders' shares for $14,400. Because Gary Mendel's termination was wrongful, eZee's attempt to re-acquire his 1,440,000 founders' shares is void.

32. Defendant eZee has refused to honor its promise and agreement to issue to Gary Mendel the 1,670,000 additional shares that Gary Mendel purchased. eZee has also refused to return the $250,000 Gary Mendel transferred to eZee in exchange for those shares.

33. eZee has acted wrongfully and illegally in both retaining the funds paid for 1,670,000 shares and refusing to issue the shares and deliver a certificate to Gary Mendel reflecting his ownership of those shares.

## COUNT 1: WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

34. Gary Mendel incorporates by reference paragraphs 1 - 33 as if fully alleged herein.

35. The Stockholders Agreement, executed by eZee, Gary Mendel and other shareholders, provides that "the corporate substantive law of Missouri, without giving effect to any choice or conflict of law provision or rule, will govern all issues concerning the relative rights of the Company and its stockholders, and all other questions concerning the construction, validity and interpretation of the agreement."

36. As Chief Executive Officer and Chairman of the Board of Directors of eZee, Bienvenu occupied a position of trust and confidence in relation to eZee and all shareholders of eZee, including Gary Mendel. Bienvenu had a fiduciary duty to the

corporation and to its shareholders, including to Gary Mendel, to use the utmost good faith in the exercise of his corporate powers.

37. There is a strong public policy mandate in Missouri against self-dealing by corporate officers and directors.

38. Bienvenu's plan to have eZee acquire Kenosia from HALO, in which Bienvenu had a personal financial interest, was a violation of his fiduciary duties.

39. Bienvenu's actions also constituted a violation of Missouri Code §351.327.

40. Gary Mendel would have violated his own duty to eZee as an employee and as a shareholder by cooperating with Bienvenu's plan for eZee to acquire Kenosia.

41. Gary Mendel refused to cooperate in Bienvenu's wrongful plan and communicated his objections to Bienvenu, John Sullivan, and other eZee officers and shareholders.

42. Gary Mendel was terminated for his refusal to acquiesce in Bienvenu's self-enrichment scheme, and to perform acts contrary to the strong public policy mandate in Missouri against self-dealing by corporate officers.

43. Defendant eZee's termination of Gary Mendel contravened public policy and constituted a wrongful discharge in violation of the public policy exception to the at-will employment doctrine in Missouri.

44. Defendant eZee's termination of Gary Mendel was without just cause or excuse.

45. Upon information and belief, eZee's termination of Gary Mendel was willful, wanton, done with malice and evinces a reckless disregard for Gary Mendel's rights.

WHEREFORE, Plaintiff Gary Mendel, respectfully prays that this Court enter judgment against Defendant eZee, Inc. and award Gary Mendel reinstatement of his

employment, back pay and full benefits to the date of termination, punitive damages in an amount to be determined at trial, plus pre-judgment and post-judgment interest, attorneys' fees and costs to the extent recoverable, and such other relief as this Court deems just and proper.

## COUNT 2: BREACH OF CONTRACT

46. Gary Mendel incorporates by reference paragraphs 1 - 45 as if fully alleged herein.

47. John Sullivan and Nicolas Chambers, acting on behalf of eZee, offered to issue to Gary Mendel 1,670,000 shares of stock if Gary Mendel invested $250,000 in eZee.

48. Gary Mendel accepted eZee's offer. In consideration for 1,670,000 shares of eZee stock, Gary Mendel fully performed his obligations by wiring $220,000 to eZee and forgiving $30,000 in debt eZee that owed to Gary Mendel.

49. Defendant eZee materially breached the agreement, including the implied covenant of good faith and fair dealing, by refusing to issue 1,670,000 shares of eZee stock to Gary Mendel.

50. As a direct and proximate result of eZee's breach, Gary Mendel has suffered damages.

WHEREFORE, Plaintiff Gary Mendel respectfully prays that this Court enter judgment against Defendant eZee, Inc. in the amount of $250,000 plus prime interest calculated from January 14, 2008 or such other amount as may be shown by the evidence, plus pre-judgment and post-judgment interest, attorneys' fees and costs to the extent recoverable, and such other relief as this Court deems just and proper.

## COUNT 3: FRAUD

51. Gary Mendel incorporates by reference paragraphs 1 - 50 as if fully alleged herein.

52. On or about January 14, 2008, John Sullivan and Nicolas Chambers, acting on behalf of eZee, told Gary Mendel that if he invested $250,000 in eZee, the corporation would issue to him 1,670,000 additional shares of eZee stock, which, when combined with his founders shares, would make Gary Mendel the second-largest shareholder in the corporation, all the while intentionally concealing from Gary Mendel, and failing to disclose to him, the fact that eZee had no intention of and would not issue any additional shares of eZee stock to Gary Mendel.

53. John Sullivan and Nicolas Chambers knew at the time that they made this representation that eZee did not intend to issue any additional shares to Gary Mendel.

54. John Sullivan and Nicolas Chambers intended that Gary Mendel rely and act upon this representation by investing $250,000 in eZee.

55. Gary Mendel believed that eZee would honor its promise and agreement to issue 1,670,000 additional shares of voting common stock in eZee to Gary Mendel in exchange for his investment. Gary Mendel was unaware that John Sullivan and Nicolas Chambers' statement regarding Gary Mendel's investment was false.

56. As corporate officers and directors of eZee, John Sullivan and Nicolas Chambers owed fiduciary duties to Gary Mendel, a minority shareholder. Gary Mendel had the right to rely on the statements of John Sullivan and Nicolas Chambers.

57. Gary Mendel reasonably relied on the representations of John Sullivan and Nicolas Chambers as to the nature of the transaction in investing $250,000 in eZee.

58. Instead of honoring eZee's promise and agreement to issue 1,670,000 additional shares of voting common stock in eZee to Gary Mendel, agents of eZee created a promissory note in furtherance of the fraud.

59. As a direct and proximate result of John Sullivan and Nicolas Chambers' fraudulent representations, Gary Mendel has suffered damages.

WHEREFORE, Plaintiff Gary Mendel, respectfully prays that this Court enter judgment against Defendant eZee, Inc. in the amount of $250,000 plus prime interest calculated from January 14, 2008 or such other amount as may be shown by the evidence, plus pre-judgment and post-judgment interest, attorneys' fees and costs to the extent recoverable, and such other relief as this Court deems just and proper.

## COUNT 4: CONSTRUCTIVE TRUST

60. Gary Mendel incorporates by reference paragraphs 1 - 59 as if fully alleged herein.

61. Gary Mendel paid the purchase price for 1,670,000 additional shares of voting common stock of eZee.

62. The additional shares have not been recorded on the corporation's books as being owned by Gary Mendel, and eZee has failed and refused to deliver to Gary Mendel a share certificate reflecting his ownership of such 1,670,000 shares of voting common stock of eZee.

63. By refusing to record Gary Mendel's ownership of these shares and by refusing to deliver to Gary Mendel a share certificate reflecting his ownership interest, eZee breached its agreement with Gary Mendel and broke its promise to him.

64. Instead of issuing the additional shares to Gary Mendel, officers and directors acting on behalf of eZee fabricated a Note in an attempt to avoid eZee's obligation to issue shares to Gary Mendel.

65. Gary Mendel has been wrongfully deprived of his interest in eZee as a result of the fraud.

66. Defendant eZee obtained $250,000 from Gary Mendel which does not equitably belong to it and which it cannot in good conscience retain.

67. Defendant eZee has refused to return Gary Mendel's $250,000 investment.

68. Defendant eZee holds the sum of $250,000 and/or 1,670,000 shares of eZee stock as constructive trustee for the benefit of Gary Mendel.

69. As constructive trustee, eZee has a duty to convey the 1,670,000 shares to Gary Mendel, or to return Gary Mendel's $250,000 investment.

WHEREFORE, Plaintiff Gary Mendel, respectfully prays that this Court enter judgment against Defendant eZee, Inc. and declare a constructive trust for the benefit of Gary Mendel for $250,000 plus prime interest since January 14, 2008 or 1,670,000 voting shares of eZee common stock.

## COUNT 5: DECLARATORY JUDGMENT – ENTITLEMENT TO STOCK

70. Gary Mendel incorporates by reference paragraphs 1 - 69 as if fully alleged herein.

71. Pursuant to the Declaratory Judgment Act, 28 USCS § 2201, in a case of actual controversy, this court may declare the rights of any interested party seeking such declaration.

72. There is an actual and substantial controversy between the Gary Mendel and eZee, parties with adverse legal interests, regarding the ownership of 3,120,000 shares of eZee stock.

73. The controversy between the parties is of sufficient immediacy and reality to warrant issuance of declaratory judgment.

WHEREFORE, Plaintiff Gary Mendel respectfully prays that this Court enter a declaratory judgment that Gary Mendel owns 3,120,000 shares of eZee stock.

### COUNT 6: PROMISSORY ESTOPPEL/DETRIMENTAL RELIANCE

74. Gary Mendel incorporates by reference paragraphs 1 - 73 as if fully alleged herein

75. Agents acting on behalf of defendant made a promise to Gary Mendel that if he invested $220,000 in cash in the company and forgave the $30,000 debt that eZee owed him, he would receive 1,670,000 of voting shares of common stock of eZee in return.

76. Gary Mendel reasonably relied on that promise is transferring the sum of $220,000 to eZee and forgiving the $30,000 that eZee owed him for expenses he advanced on behalf of eZee.

77. Gary Mendel reasonably relied on eZee's promise to his detriment.

78. eZee should be estopped from breaking its promise to Gary Mendel and should be required to fulfill its promise by returning the value provided by Gary Mendel in reasonable reliance on the promise or by issuing the shares that were promised, 1,670,000 voting shares of common stock in eZee.

WHEREFORE, Plaintiff Gary Mendel, respectfully prays that this Court enter judgment in favor of Plaintiff Gary Mendel and against Defendant eZee, Inc. and award him $250,000 in damages plus prime interest calculated from January 14, 2008 or such

other amount as may be shown by the evidence, plus pre-judgment and post-judgment interest, attorneys' fees and costs to the extent recoverable, plus such other relief as this Court deems just and proper.

### COUNT 7: INTENTIONAL SPOLIATION OF EVIDENCE

79. Gary Mendel incorporates by reference paragraphs 1 - 78 as if fully alleged herein

80. Defendant eZee knew of the high likelihood of Gary Mendel's lawsuit on the date eZee intentionally destroyed Gary Mendel's email evidence pertaining to the Stock Transaction.

81. The intent of eZee in destroying Gary Mendel's email evidence was to defeat Gary Mendel's claims pertaining to the Stock Transaction.

82. Upon information and belief, by destroying Gary Mendel's email evidence, eZee has damaged and prejudiced Gary Mendel and impaired Gary Mendel's ability to prove the elements of his claims.

WHEREFORE, Plaintiff Gary Mendel, respectfully prays that this Court enter judgment against Defendant eZee, Inc. and award the following relief:

A. A declaratory judgment that Gary Mendel owns 3,120,000 shares in eZee, Inc.

B. An award in the amount of $250,000 plus prime interest calculated from January 14, 2008 or such other amount as may be shown by the evidence.

C. Award Gary Mendel reinstatement of his employment, back pay and full benefits to the date of termination, and punitive damages in an amount to be determined at trial.

D. An award of pre-judgment and post-judgment interest, attorneys' fees and costs to the extent recoverable.

E. Such other relief as this Court deems just and proper.

**JURY TRIAL DEMANDED**

Respectfully Submitted,

*[signature]*

Marc E. Miller, DC Bar # 948372
Richard T. Rossier, DC Bar # 364649
Alex Menendez, DC Bar # MD023814
McLeod, Watkinson & Miller
One Massachusetts Avenue, N.W., Suite 800
Washington, D.C. 20001
(202) 842-2345

*Attorneys for Gary Mendel*

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

GARY W. MENDEL
40 12TH STREET NE #001
WASHINGTON, DC 20002

## DEFENDANTS

eZee, Inc.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   11001
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   88888
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Marc E. Miller, Richard T. Rossier
McLeod, Watkinson & Miller
One Massachusetts Avenue, N.W. Suite 800
Washington, DC 20001
(202) 842-2345

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ● 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ● 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ● 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
- [ ] 410 Antitrust

### ○ B. Personal Injury/Malpractice
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Medical Malpractice
- [ ] 365 Product Liability
- [ ] 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
- [ ] 151 Medicare Act

Social Security:
- [ ] 861 HIA ((1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g)
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g)

Other Statutes
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)   OR   ○ F. Pro Se General Civil

**Real Property**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent, Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**Personal Property**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**Bankruptcy**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

**Property Rights**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**Federal Tax Suits**
- [ ] 870 Taxes (US plaintiff or defendant
- [ ] 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- [ ] 610 Agriculture
- [ ] 620 Other Food &Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 RR & Truck
- [ ] 650 Airline Regs
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**Other Statutes**
- [ ] 400 State Reapportionment
- [ ] 430 Banks & Banking
- [ ] 450 Commerce/ICC Rates/etc.
- [ ] 460 Deportation

- [ ] 470 Racketeer Influenced & Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Satellite TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 900 Appeal of fee determination under equal access to Justice
- [ ] 950 Constitutionality of State Statutes
- [ ] 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G. *Habeas Corpus/ 2255*** | ○ **H. *Employment Discrimination*** | ○ **I. *FOIA/PRIVACY ACT*** | ○ **J. *Student Loan*** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K. *Labor/ERISA (non-employment)*** | ○ **L. *Other Civil Rights (non-employment)*** | ◉ **M. *Contract*** | ○ **N. *Three-Judge Court*** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities- Employment<br>☐ 446 Americans w/Disabilities- Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☒ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**
28 U.S.C. Section 1332 - Breach of Contract, Fraud, Wrongful Termination, Intentional Spoliation

| II. REQUESTED IN COMPLAINT | CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐ | DEMAND $ over $250,000<br>JURY DEMAND: | Check YES only if demanded in complaint<br>YES ☒  NO ☐ |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

**DATE** August 13, 2008   **SIGNATURE OF ATTORNEY OF RECORD** *[signature]*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.